**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WILLIE DAVIS,

    Petitioner - Appellant,

v.

D. BAYSORE, Complex Warden,

    Respondent - Appellee.

No. 25-1273
(D.C. No. 1:25-CV-00156-STV)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BACHARACH**, and **EID**, Circuit Judges.
_____

This appeal involves whether the United States Bureau of Prisons ("BOP") has

authority to discipline prisoners who, like appellant Willie Davis, are confined in a

federal correctional institution.  In a pro se application for habeas corpus under

28 U.S.C. § 2241, Davis argued that the BOP did not have such authority and

therefore had improperly deprived him of earned good conduct time ("GCT").  The

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court rejected his argument, denied his application, and dismissed the action with prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 2009, Davis was convicted of multiple crimes and sentenced to a 216-month term of imprisonment. In 2017, while serving that sentence, Davis was found guilty of possessing contraband in prison and was sentenced to a 37-month consecutive term of imprisonment. Based on his aggregated term of imprisonment, Davis was eligible to earn 1,138 days of GCT. But due to numerous violations of institutional rules and regulations, he has been disallowed 567 days of GCT and has forfeited 108 days of GCT, which resulted in a total loss of 675 days of GCT. He is currently confined at the United States Penitentiary Administrative Maximum Facility ("ADX") in Florence, Colorado, and is scheduled to be released in January 2027.

In his § 2241 habeas application, Davis asserted that the BOP lacked authority to deprive him of GCT.[1] His theory was based on the interplay between 18 U.S.C. §§ 4042(a) and 4042(d). Section 4042(a)(1) provides that, "under the direction of the Attorney General," the BOP "shall . . . have charge of the management and regulation of all Federal penal and correctional institutions." To that end, § 4042(a)(3) requires the BOP to "provide for the protection, instruction, and *discipline* of all persons charged with or convicted of offenses against the United States." § 4042(a)(3) (emphasis added). Pursuant to § 4042(a)(3), the BOP promulgated the disciplinary

---

[1] Davis advanced two other claims, but he does not argue on appeal that the district court erred in denying them. We therefore omit them from our discussion.

2

program it used to reduce Davis's GCT. *See* 28 C.F.R. § 541.1. But § 4042(d) provides an exception to the BOP's statutory duties, including its disciplinary power: "This section shall not apply to military or naval penal or correctional institutions or the persons confined therein." § 4042(d).[2] Davis alleged that the ADX is among the "correctional institutions" included in § 4042(d) and therefore the BOP lacked authority to use its disciplinary program to reduce his GCT credits. He sought restoration of the lost GCT and immediate release from custody.

The government opposed the application. The district court agreed with the government's argument and denied relief. The court rejected Davis's position "that the use of the second 'or'" in § 4042(d) "separates 'correctional institutions' from the words 'military or naval.'" R. at 322–23. The court concluded instead "that the language of the statute makes clear that the word 'correctional institution' is modified by 'military or naval,' such that § 4042(d) only applies to military or naval correctional institutions." R. at 323. The court explained that Davis "fail[ed] to recognize that the statute uses the term 'military or naval' to describe the type of 'penal or correctional institutions' that are exempt from Section 4042." *Id.* "As a result," the court concluded, § 4042(d) "does not apply to the ADX because the ADX is neither a military correctional institution nor a naval correctional institution," and therefore "the BOP is authorized under Section 4042(a)(3) to implement regulations

---

[2] Contrary to Davis's contention, *see* Aplt. Reply Br. at 2, 5, there is no comma after the word "penal" in the statute.

3

governing its inmate discipline program, which includes the authority to revoke GCT credits." *Id.*

Davis timely appealed.

## II

In reviewing the denial of a § 2241 application, "we review the district court's legal conclusions de novo." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017). Because Davis is pro se, we construe his filings liberally, but we cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

"It is our primary task in interpreting statutes to determine congressional intent, using traditional tools of statutory construction." *United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008) (internal quotation marks omitted). "We begin by examining the statute's plain language." *Id.* "If the statutory language is clear, our analysis ordinarily ends." *Id.*; *see also Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th Cir. 1986) ("It is a well established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls.").

We conclude § 4042(d)'s language is clear and unambiguous—the words "military" and "naval" are adjectives that modify the phrase "penal or correctional institutions." Thus, § 4042 does not apply to "military . . . penal or correctional institutions" or to "naval penal or corrections institutions." We reject Davis's reading that the second "or" in the statute places "penal" and "correctional" in the disjunctive, leaving "correctional institutions" as a stand-alone noun encompassing

the ADX. That reading requires viewing "military" and either "naval" or "naval penal" as nouns. But it would make no sense to say § 4042 "shall not apply to" either "military" or "naval" or "naval penal," because none of those constructs identifies any sort of cognizable prison facility. Thus, under Davis's reading, "military" and either "naval" or "naval penal" would be meaningless, which is contrary to the principle that "we are to give meaning to every word of a statute where possible," *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1165 (10th Cir. 1999) (en banc).

Moreover, it would be nonsensical for Congress to mandate that the BOP "shall . . . have charge of the management and regulation of all Federal penal and correctional institutions," § 4042(a)(1), and then take that mandate away in § 4042(d). Instead, it was necessary for Congress to make § 4042 inapplicable to military or naval prisons because "Congress . . . created a military penal system distinct from the BOP," and although "the Attorney General directly controls the BOP, military penal institutions fall outside his authority." *United States v. Joshua*, 607 F.3d 379, 384 (4th Cir. 2010); *see also* 18 U.S.C. § 4001(b)(1) ("The control and management of Federal penal and correctional institutions, *except military or naval institutions*, shall be vested in the Attorney General . . . ." (emphasis added)).[3]

---

[3] Our rejection of Davis's reading of § 4042(d) dispenses with his arguments that "Congress expressly chose to create . . . tension" between § 4042(d) and § 4001, Aplt. Opening Br. at 11, and that the district court exceeded its jurisdiction under § 2241 by judicially amending § 4042(d), *see* Aplt. Reply Br. at 4, 11.

Thus, contrary to Davis's argument, our reliance on § 4042(d)'s plain language does not "produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S 564, 571 (1982).

Our conclusion that § 4042(d) is clear and unambiguous disposes of Davis's grammatical arguments and his contention that the statute is vague. It also disposes of his reliance on the *in pari materia* canon of statutory construction and the rule of lenity, both of which apply only when there is an ambiguity in a statute. *See United States v. McCarthy*, 174 F.4th 1254, 1261 (10th Cir. 2026) ("It is a canon of construction that statutes *in pari materia* should be construed together, so that *ambiguities* in one statute may be resolved by looking at another statute on the same subject." (second emphasis added) (internal quotation marks omitted)); *United States v. Aguilar*, 168 F.4th 1319, 1327 (10th Cir. 2026) ("If, after employing the usual tools of statutory interpretation, we are left with a *grievous ambiguity* or uncertainty concerning [a] statute, we employ the rule of lenity." (emphasis added) (internal quotation marks omitted)).

Davis's one remaining argument meriting our attention is that by deferring to the government's reading of § 4042(d), the district court violated the teachings of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). We disagree.

In *Loper Bright*, the Supreme Court held that, under the Administrative Procedures Act ("APA"), "'the reviewing court'—not the agency whose action it reviews—is to 'decide all relevant questions of law' and 'interpret . . . statutory provisions" without "mechanically afford[ing] binding deference to agency

6

interpretations." *Id.* at 398–99 (alteration in original) (emphasis omitted) (quoting 5 U.S.C. § 706). Assuming *Loper Bright* applies outside of the APA context and to arguments a federal agency raises in a legal brief, we see no error here. The district court did not afford binding deference to the government's reading of § 4042(d) but merely stated that it agreed with the government's argument before performing its own analysis of § 4042(d). That was an entirely permissible approach. *See Loper Bright*, 603 U.S. at 403 (explaining that "Congress expects courts to do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch.")

## III

We affirm the district court's judgment. We grant Davis's motion to proceed on appeal without prepayment of costs or fees and remind him that he remains obligated to pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(a)(1) (excusing only "prepayment of fees").

Entered for the Court

Allison H. Eid
Circuit Judge